IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CAST-STONE INTERNATIONAL CORP.         CASE NO.
AND 11555 US HIGHWAY 1 LLC,

      Plaintiffs,

v.

CLEAR CHANNEL OUTDOOR, INC.,
CLEAR CHANNEL OUTDOOR, LLC, and
CLEAR CHANNEL OUTDOOR HOLDINGS, INC.,

      Defendants.
_____/

## COMPLAINT

Plaintiffs, CAST-STONE INTERNATIONAL CORP. and 11555 US HIGHWAY 1 LLC, hereby sue Defendant, CLEAR CHANNEL OUTDOOR, INC., CLEAR CHANNEL OUTDOOR, LLC, and CLEAR CHANNEL OUTDOOR HOLDINGS, INC., based on the following:

1. This action is for breach of contract and for property damages.

2. This action exceeds $50,000.00, exclusive of interest, attorneys' fees, and costs.

3. Plaintiff CAST-STONE INTERNATIONAL CORP. is a Florida corporation doing business in Palm Beach County.

4. Plaintiff 11555 US HIGHWAY 1 LLC is a Florida limited liability company doing business in Palm Beach County.

5. At all times material hereto, Defendant CLEAR CHANNEL OUTDOOR, INC. is a Delaware corporation licensed to do business in Florida.

6. At all times material hereto, Defendant CLEAR CHANNEL OUTDOOR, LLC is a Delaware corporation licensed to do business in Florida and conducting business in Palm Beach County, Florida.

7. At all times material hereto, Defendant CLEAR CHANNEL OUTDOOR HOLDINGS, INC. is a Texas corporation no longer licensed to do business in Florida.

8. Plaintiff and Defendant CLEAR CHANNEL OUTDOOR, INC. entered into a contract in Palm Beach County for the lease and use of property in Palm Beach County, Florida.

9. On 06.06.2019 and after Defendant CLEAR CHANNEL OUTDOOR, INC. and Plaintiff entered in the Lease, Defendant CLEAR CHANNEL OUTDOOR, INC. voluntarily surrendered its authority to transact business or conduct affairs in Florida.

10. On 06.06.2019, Defendant CLEAR CHANNEL OUTDOOR, LLC applied for and obtained authorization to transact business in Florida.

11. On 06.06.2019, Defendant CLEAR CHANNEL OUTDOOR, LLC began operating outdoor advertising in Palm Beach County, Florida.

12. Defendant CLEAR CHANNEL OUTDOOR HOLDINGS, INC. is the title member of Defendant CLEAR CHANNEL OUTDOOR, LLC.

13. Defendant CLEAR CHANNEL OUTDOOR HOLDINGS, INC. and Defendant CLEAR CHANNEL OUTDOOR, LLC are heirs, assigns, or successors to Defendant CLEAR CHANNEL OUTDOOR, INC.

14. Plaintiffs and Defendants are doing and/or, at all times material to have done, business in Palm Beach County, Florida.

15. Venue is proper in this Court.

16. At all times material hereto, Defendant CLEAR CHANNEL OUTDOOR, INC. maintained with Plaintiff 11555 US HIGHWAY 1 LLC an Outdoor Lease Agreement (hereinafter "Contract") attached hereto as **Exhibit A**. (**R.9-17**) [1]

17. Contract references the following terms:

    a. "Landlord" – 11555 US HIGHWAY 1 LLC, a Florida Limited Liability Company;

    b. "Property" – 11555 US HWY ONE PALM BCH GARDENS, FL 33408 in the County of Palm Beach in the State of Florida;

    c. "Structures" – outdoor advertising structures (whether traditional static, digital or other technology displays), including, without limitation,

---

[1] PDF page numbers for the Record filing are referred to by "(**R.___**)".

      wireless communications equipment, fixture connections, electrical supply and connections, panels, signs, copy and any equipment and accessories as Tenant may place thereon;

    d. "Tenant" – CLEAR CHANNEL OUTDOOR, INC.

18. Plaintiff 11555 US HIGHWAY 1 LLC, as Landlord, has at all times material hereto owned the Property and a building on the Property.

19. Plaintiff 11555 US HIGHWAY 1 LLC leased to Defendant CLEAR CHANNEL OUTDOOR, INC., as Tenant, Property for the purpose of erecting, maintaining, operating (whether physically on-premise or via remotely changeable off-premise technology), improving, supplementing, posting, painting illuminating, repairing, repositioning and/or removing outdoor advertising structures (whether traditional static, digital or other technology displays), including, without limitation, wireless communications equipment, fixture connections, electrical supply and connections, panels, signs, copy and any equipment and accessories as Tenant may place thereon (collectively, the Structures). (Contract, paragraph 1) (**R.9**)

20. Defendant, as Tenant, had the sole right to make any necessary applications with, and obtain permits from, governmental entities for the construction, use, maintenance, and removal of Structures …. (Contact, paragraph 5) (**R.9**)

21. Defendant, as Tenant, was the owner of the Structures under the Contract. (Contract, paragraph 5) (**R.9**)

22. Defendant owned an outdoor advertising Structure, which consisted of a supportive base and billboard, on the Property.

23. Defendant had a duty pursuant to the Contract to maintain, improve, supplement, and repair the Structure.

24. Defendant materially breached the Contract by:

    a. failing to maintain, improve, supplement, and/or repair the Structure pursuant to the Contract.

    b. negligently maintaining, improving, supplementing, and/or repairing the Structure pursuant to the Contract.

    c. failing to maintain, improve, supplement, and/or repair the Structures pursuant to applicable building and safety codes, ordinances, and regulations.

25. As a result of Defendant's negligent failure to maintain, improve, supplement, and/or repair the Structure, the Structure collapsed on 04.29.2023.

**COUNT 1 – NEGLIGENCE RESULTING IN DAMAGE TO PLAINTIFF CAST-STONE INTERNATIONAL CORP.**

26. Plaintiff CAST-STONE INTERNATIONAL CORP. re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. At all times material hereto, Plaintiff CAST-STONE INTERNATIONAL CORP. owned and/or consigned/was responsible for landscape/outdoor art pieces that were on the Property for retail sale.

28. When the Structure collapsed, the Structure landed on and caused damage to Plaintiff CAST-STONE INTERNATIONAL CORP.'s outdoor art pieces.

29. As a result of Defendants' negligence in maintaining the Structure, Plaintiff CAST-STONE INTERNATIONAL CORP. suffered property damages.

30. **WHEREFORE,** CAST-STONE INTERNATIONAL CORP. demands:

    a. judgment against Defendants for all damage and resulting loss set forth above, these losses are ongoing and will continue in the future;

    b. costs pursuant to section 57.041, Florida Statutes (costs) and section 92.231, Florida Statutes (expert witness fees), Florida Statutes, or otherwise; and

    c. trial by jury.

### COUNT 2 – BREACH OF CONTRACT RESULTING IN DAMAGE TO PLAINTIFF 11555 US HIGHWAY 1 LLC

31. Plaintiff 11555 US HIGHWAY 1 LLC re-alleges paragraphs 1 through 25 as if fully set forth herein.

32. The Contract Effective Date was 06.10.2018.  (Contract, paragraph 1) (**R.8**)

33. The Contract Term is ten (10) years following the "Rent Commencement Date".  (Contract, paragraph 2) (**R.9**)

34. The Rent Commencement Date was 06.10.2018. (Contract, Exhibit B) (**R.15**)

35. When the Structure collapsed, the Structure landed on and caused damage to Plaintiff 11555 US HIGHWAY 1 LLC's Property and building.

36. Since the Structure collapsed, Defendants have failed to rebuild the Structure.

37. As a result of Defendants' negligence in breaching the Contract,

    a. Plaintiff 11555 US HIGHWAY 1 LLC has lost rent payments since the date of loss, 04.29.2023;

    b. Plaintiff 11555 US HIGHWAY 1 LLC has lost the remaining value of the Contract, which is at most five (5) years and two (2) months; and

    c. Plaintiff 11555 US HIGHWAY 1 LLC has suffered property damage to its Property and building.

38. Plaintiff 11555 US HIGHWAY 1 LLC retained counsel to pursue damages for breach of the Contract.

39. **WHEREFORE**, Plaintiff 11555 US HIGHWAY 1 LLC demands:

    a. judgment against Defendants for all damage and resulting loss set forth above, these losses are ongoing and will continue in the future;

    b. attorneys' fees and costs pursuant to Contract paragraph 14, section 57.041, Florida Statutes (costs), and section 92.231, Florida Statutes (expert witness fees), Florida Statutes, or otherwise; and

    c. trial by jury.

Dated: April 23, 2025.

   /s/ *Christopher W. Kellam*
Christopher Kellam, Esq.
Florida Bar No. 59989
Keller Swan, PLLC
759 Parkway Street, Suite 202
Jupiter, FL 33477
ckellam@kellerswan.com
maripaz@kellerswan.com
(561) 295-5825 Telephone



Not Official Court Document